THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JANENE L. SHEPHERD,               )
JAMES SHEPHERD, and               )
ARICA J. SHEPHERD,                )
                                  )
        Plaintiffs,               )
                                  )
v.                                )        Case No. 2:08-CV-188
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Defendant.                )

## MEMORANDUM  OPINION  AND  ORDER

This case is before the Court to address several pending motions, including

plaintiffs' "Motion and Memorandum," [Doc. 14]; the United States' "Second Motion

to Dismiss," [Doc. 16], pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of

Civil Procedure; two motions for oral arguments regarding the plaintiffs' motion and

the United States' second motion to dismiss, [Docs. 18 and 19]; and the United States'

"Objection to Plaintiffs' Supplemental Response to Second Motion to Dismiss," [Doc.

24].  These matters are ripe for disposition.

## I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiffs allege that on or about September 11, 2005, Arica Shepherd

("Shepherd") was the passenger on a four-wheeler being driven by James Howington

("Howington") on Mountain Road in Bristol, Tennessee. Plaintiffs allege that Howington was attempting to turn around on a "bridge" located along the road when he lost control of the four-wheeler, and it fell off the edge of the road into a ravine. Plaintiffs aver that Shepherd sustained injuries to her kidney, multiple abrasions, and a concussion with a coma.

The road Shepherd was riding as a passenger is actually known as Flatwoods Road/ Forest Service Road #87. The United States government acquired the land on which Flatwoods Road is located in 1928. Flatwoods Road was originally constructed in the 1930s, and an arch culvert was installed at the Sulpher Spring Branch by Forest Service contractors in approximately 1955. During the period of 1964-65, Flatwoods Road was reconstructed by the Forest Service using the Jacob's Creek Job Corp's heavy equipment, instructors, and students.

On July 1, 2008, the plaintiffs sued the United States under the Federal Tort Claims Act ("FTCA") to recover for Shepherd's injuries. The plaintiffs contend that the United States, through its employees and agents, is liable for 1) failing to maintain the road and bridge by not adequately designing the road and bridge to prevent vehicles from running off the bridge by either designing speed bumps and curves or banking the entrance to the bridge, and 2) failing to adequately post signage informing users of the bridge that the bridge did not have guardrails and/or adequate curbing.

On October 17, 2008, the United States moved to dismiss the action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the discretionary-function exception to the waiver of immunity under the FTCA bars plaintiffs' suit against the United States, [Doc. 4]. In response, plaintiffs argued the complaint was sufficient on its face, and, in the alternative, moved for an extension of time to conduct further discovery they deemed necessary to respond to the motion.

On December 22, 2008, this Court noted in a Memorandum Opinion and Order, [Doc. 13], that the plaintiffs and United States characterize the allegations of the complaint differently. The plaintiffs contend that their first theory is one for negligently failing to maintain, and the United States argues that the relevant conduct at issue is a failure to design, not maintain. Taking the plaintiffs' material allegations as true, this Court held that the claim for a failure to maintain could withstand a facial challenge to subject matter jurisdiction. This Court further allowed limited discovery, i.e. the taking of two depositions, for the purpose of fully responding to the United States' motion to dismiss to address whether the United States has a mandatory duty to maintain the road and culvert in a safe condition. This Court also stated that the United States could renew its motion to dismiss after this limited discovery. In

addition, this Court dismissed plaintiffs' complaint in regard to the theory of negligence based upon a failure to warn due to lack of subject matter jurisdiction.

On February 13, 2009, the plaintiffs took the depositions of Terry Pierce and Officer Kim Coleman, which concluded the limited discovery previously allowed by this Court. On March 6, 2009, the plaintiffs filed a "Motion and Memorandum," [Doc. 14], in which the plaintiffs stated:

> . . . This Court dismissed any claims for failure to put up any additional signs; however, it is clear based on the lack of knowledge of the witnesses that the plaintiffs have alleged sufficient facts in their complaint to defeat a Rule 12 motion to dismiss for lack of subject matter jurisdiction.
> In the alternative, plaintiffs would now move this Court to be allowed to amend their complaint to allege additional details based on the information received from the depositions and be allowed to take additional discovery of the North Zone Engineer, the retired North Zone Engineer, and to obtain copies of the various government files referred to in the depositions taken.

On March 19, 2009, the United States filed its "Second Motion to Dismiss," [Doc. 16]. The claim which remains after the first motion to dismiss as stated by the plaintiff is "that the defendant was negligent in failing to properly maintain the road and bridge in question by not adequately designing the road and bridge to prevent vehicles from running off the bridge either by designing speed bumps and curves or by banking the entrance to the bridge." In its second motion to dismiss, the United States characterizes the claims as two separate claims. First, the United States moves

to dismiss the claim that the United States "failed to adequately design the road and bridge to prevent vehicles from running off the bridge either by designing speed bumps and curves or by banking the entrance to the bridge" pursuant to Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over the plaintiff's complaint based upon the discretionary-function exception to the FTCA. Second, the United States moves to dismiss "the portion of Plaintiffs' Complaint that asserts a claim of negligent failure to maintain" pursuant to Rule 12(b)(6), for failure to state a claim.

Then on March 30, 2009, the United States filed two motions, [Docs. 18 and 19], seeking oral argument on its motion to dismiss and on plaintiffs' "motion for discovery." The plaintiffs filed a response, stating they had no objection. On April 15, 2009, the plaintiffs responded to the motion to dismiss, and instead of addressing its merits, the plaintiffs merely argued that they should be "entitled to the right to continue with discovery." In the alternative, the plaintiffs ask that the motion be converted to one for summary judgment and allow the plaintiffs additional discovery.

On July 13, 2009, without seeking leave of this Court, the plaintiffs filed a "Supplemental Response to Second Motion to Dismiss," [Doc. 23]. The plaintiffs therein stated that based on testimony from Mr. Howington, the driver of the OHV, testimony given in a related state case, "there is a direct question of fact between what

Officer Coleman, the government's witness, testified to concerning the locations of the signs and the conditions of the vegetation versus what Mr. Howington saw." Thus, they argue that the motion to dismiss should be denied, they should be allowed to complete discovery, "and at that point, if the Court has converted the motion to dismiss to a motion for summary judgment, then the plaintiffs should be allowed to supplement their response with the evidence gathered in discovery."

The United States responded to this supplement by filing an objection on July 22, 2009. The United States argues that the supplement was filed in violation of Federal Rule of Civil Procedure 32(a)(1)(A) and Federal Rule of Evidence 804(b)(1). In addition, it argues that the supplement is untimely and should be stricken pursuant to Local Rule 7.1(a).

## II.    ANALYSIS AND DISCUSSION

### A.    Plaintiffs' "Motion And Memorandum"

The United States is correct in that the plaintiffs do not expressly request relief from the Court in this pleading. Based upon the language this Court quoted above, it appears that the plaintiffs may be seeking reconsideration of this Court's decision to dismiss the plaintiffs' failure to warn claims for lack of subject matter jurisdiction. However, the plaintiffs offer no direct argument for such, and this Court will not attempt to read the minds of the plaintiffs and address an issue not specifically and

clearly raised by the plaintiffs.[1]

"Alternatively," the plaintiffs seem to seek to conduct full discovery and to then amend their complaint. The plaintiffs failed, however, to state exactly how they propose to amend their complaint, what addition facts they propose to plead in their amendment and they also failed to attach a copy of any proposed amendment to their motion. Furthermore, it is difficult to discern the precise nature of plaintiffs' request to conduct further discovery. They seek to "be allowed to take additional

---

[1]Even if this Court did address this issue, it would not alter its previous decision. A Rule 60 motion may be filed within one year after the entry of the judgment or order or within a reasonable time, depending upon the grounds upon which relief is sought. *See* Fed. R. Civ. P. 60(c)(1). Furthermore, a Rule 60 motion may be granted only for certain specified reasons and is, thus, a significantly higher standard than that for granting a Rule 59 motion. *Id.*

Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The plaintiffs do not mention any of these factors in their motion and do not argue for reconsideration based on any extension of these. Therefore, this Court would not grant a motion to reconsider it previous decision.

discovery of the North Zone Engineer, the retired North Zone Engineer, and to obtain copies of the various government files referred to in the depositions taken." The Court previously allowed limited discovery to fully respond to a motion to dismiss for lack of subject matter jurisdiction regarding a factual attack relating to the theory of failure to maintain. The plaintiffs now seem to be seeking discovery and the chance to amend relating not only to this theory but also to the theory regarding failure to warn, in the hope of discovering facts sufficient to support subject matter jurisdiction. Under these circumstances, further discovery is not justified and is in fact futile, and the request regarding additional discovery on the previously dismissed theory of failure to warn is **DENIED**.

As to additional discovery regarding the failure to maintain theory, this Court assumes that the plaintiffs seek additional discovery to show this theory can survive a factual attack to subject matter jurisdiction based upon the discretionary-function exception to the FTCA.[2] As set out more fully below, the plaintiff has the burden of establishing subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit*

---

[2]Because of how the Court characterized the plaintiffs' claims in its previous Memorandum Opinion and Order, this Court assumes that this particular motion does not include additional discovery as to the theory on failing to adequately design the road and culvert to prevent vehicles from leaving the roadway ("negligent design theory"). Subsequent to this motion, the United States filed a second motion to dismiss based on lack of subject matter jurisdiction on the negligent design theory. In the plaintiffs' response, they again argue they should be allowed to conduct discovery. Thus, this Court will address the motion as to covering both theories.

*Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Also, contrary to plaintiffs' assertion, in a factual challenge to jurisdiction, "no presumption of truthfulness attaches to the plaintiff[s'] factual allegations." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Moreover, the Court has broad discretion to consider affidavits and documents outside the pleadings in ruling on a Rule 12(b)(1) motion without converting it to one for summary judgment. *Id.* In addition, this Court "has 'wide discretion' in resolving jurisdictional factual issues." *See Airline Prof'ls Ass'n*, No. 00-4109, 2001 WL 1609934, *2 (6th Cir. Dec. 13, 2001). In determining whether there is a need for additional discovery on jurisdictional facts, this Court will look to Rule 56(f) for guidance. *See Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2nd Cir. 1976); *Johnson v. United States*, 534 F.3d 958, 965 (8th cir. 2008); *see also Rutkofske v. Norman*, 95-2038, 1997 WL 299382, at *3 (6th Cir. June 4, 1997) (citing *Exchange Nat'l Bank*, 544 F.2d at 1131).

"When a [dispositive motion] is filed, the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Id.* (citing Wallin v. Norman, 317 F.3d 558, 563 (6th Cir. 2003)). "Bare allegations or vague assertions of the need for discovery are not

enough." *Id.*  To fulfill Rule 56(f)'s requirements, the mover must state with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment. [or a motion to dismiss]" *Id.*

The plaintiffs did not file such an affidavit, and they did not include any of this information in their motion.  They merely make bare allegations and vague assertions of their need for additional discovery.[3]  Therefore, their motion in this regard is **DENIED**.  Moreover, these allegations and assertions seem to relate more to the merits of the claims and not to actual jurisdictional facts.  For example, the plaintiffs state in their motion that Mr. Pierce "was not competent to give an affidavit as it relates to the maintenance and engineering design of the area where the plaintiff was injured."  Considering the fact that Mr. Pierce's job is to supervise the engineers who are in charge of design and maintenance and directly review and approve or disapprove of their work, and based upon his affidavit and deposition testimony, this Court gleans that Mr. Pierce would be qualified to testify to jurisdictional facts, such as the Forest Service's policies and regulations regarding the design and maintenance

_____

[3]In their supplemental response to the United States' second motion to dismiss, the plaintiffs assert that deposition testimony of the driver, Mr. Howington, creates a question of fact regarding "the locations of the signs and the conditions of the vegetation."  This goes to the merits of the claims and not to the jurisdictional issue before the Court.  The motion only requests additional discovery as to the jurisdictional facts.  Moreover, for reasons set forth below, the plaintiffs' supplement is untimely.

of roads, culverts and bridges.  The plaintiffs' assertion as to Mr. Pierce's knowledge appears to be directed more at the merits of the claims because Mr. Pierce did not have a direct hand in designing or maintaining the particular culvert in question.

Lastly, the plaintiffs move to amend their complaint "to allege additional details based on the information received from the depositions."  The plaintiffs do not state what the additional details or information actually are, and this Court will not speculate as to what those might include nor did plaintiffs attach a proposed amended complaint to their motion.  The motion in this regard is therefore **DENIED**.

## B.    United States' Second Motion to Dismiss

The United States moves to dismiss the negligent design claim pursuant to Rule 12(b)(1) and the negligent failure to maintain claim pursuant to Rule 12(b)(6).  The United States does not reassert its previous motion to dismiss the negligent failure to maintain theory based on a lack of subject matter jurisdiction.

### 1.    Standard of Review

The United States both facially and factually contests subject matter jurisdiction. When a defendant facially attacks subject matter jurisdiction, the Court must accept the plaintiff's material allegations in the complaint as true.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule

12(b)(1).  *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Because lack of subject matter jurisdiction is a non-waivable, fatal defect, it may be raised by any party at anytime, including being raised *sua sponte* by this Court.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

The United States also factually contests subject matter jurisdiction. The United States argues that the United States Forest Service ("Forest Service") had no mandatory duty to build traffic barriers of any kind at the culvert in question.  When a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations of the complaint. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Id.* A trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

## 2.    Discretionary-Function Exception to the FTCA

The central question in this case is whether the discretionary-function exception to the United States' waiver of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C. § 2680(a), bars a claim based on the federal government's design of a Forest Service road and culvert inside the Cherokee National Forest.

The United States government may not be sued without its consent. *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). The United States waives its immunity in the Federal Tort Claims Act to suits for damages for personal injuries caused by the negligence of government employees acting within the course and scope of their employment. *Id.* (*citing* 28 U.S.C. §§ 1346(b), 2671-2680). The terms and conditions of the FTCA must be strictly construed in favor of the sovereign. *Wright v. United States*, 868 F. Supp. 930, 931 (E.D. Tenn. 1994) (*citing* 28 U.S.C. §§ 1346(b), 2671-2680).

The liability of the United States under the FTCA is subject to a number of exceptions, including the discretionary-function exception at issue here. The discretionary-function exception, 28 U.S.C. § 2680(a), precludes governmental liability for acts that are "discretionary in nature, that involve an element of judgment or choice." [4] *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2 531 (1988).

---

[4]28 U.S.C. § 2680 provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to–
> **(a)** Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The Court should grant a motion to dismiss for lack of federal subject matter jurisdiction if the United States qualifies for the discretionary-function exception to the FTCA. 28 U.S.C. 2680(a); *Rich v. U.S.*, 119 F.3d 447, 449 (6th Cir. 1997). The Supreme Court has articulated a two-part test to determine whether a claim falls within the discretionary-function exception. *Berkovitz*, 486 U.S. at 536; *United States v. Gaubert*, 499 U.S. 315 (1991). The first part of the test requires the Court to determine whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. *Rosebush v. United States*, 119 F.3d 438, 441(6th Cir. 1997) (*citing Gaubert*, 499 U.S. at 322-23). If so, then the discretionary-function exception does not apply because there was no element of judgment or choice in the complained of conduct. *Id.* If, however, the challenged conduct is determined to be discretionary, the court applies the second part of the test.

The Court must then determine whether the conduct is of the kind the discretionary-function exception was designed to shield. *Sharp ex rel. Estate of Sharp v. United States*, 401 F.3d 440, 445 (6th Cir. 2005) (*citing Gaubert*, 499 U.S. at 322-23, 111 S.Ct. 1267). The reasoning for the second condition is that Congress wished "to prevent judicial intervention in the political, social, and economic judgments of governmental-including regulatory-agencies." *Berkovitz*, 486 U.S. at 539, 108 S.Ct. at 1960 (*citing United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig*

*Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984)).

Whether the discretionary-function exception to general waiver of sovereign immunity applies in a case is governed by the nature of conduct, rather than the status of the actor. *Feyers v. United States*, 749 F.2d 1222, 1226 (6th Cir. 1984) (*citing Varig Airlines*, 467 U.S. 797). The first step the court must take is to determine exactly what conduct is at issue. *Rosebush*, 119 F.3d at 441(*citing Autery v. United States,* 992 F.2d 1523, 1527-28 (11th Cir. 1993)).

### 3. Facial and Factual Attack to Subject Matter Jurisdiction

The United States moves to dismiss for lack of subject matter jurisdiction based on plaintiffs' theory of liability that the Forest Service acted negligently by failing to maintain the road and bridge in question <u>by not adequately designing</u> the road and bridge with speed bumps and curves or by banking the entrance to the bridge.

Regarding the facial attack, because this Court must take the plaintiffs' material allegations as true, the Court finds that the plaintiffs' claim for negligent design can withstand a facial challenge to subject matter jurisdiction. A plaintiff can invoke subject matter jurisdiction under the FTCA only where the complaint alleges facts that do not on their face fall within an exception to the waiver of immunity contained in the FTCA. *See Sharp v. United States*, 401 F.3d 440, 443 n. 1 (6th Cir. 2005). On the face of the complaint, this Court cannot determine whether an exception to the waiver of

immunity applies.

Next, this Court must determine whether the complaint is factually insufficient to support a finding of subject matter jurisdiction. The first part of the *Gaubert* test requires a determination of whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. *Gaubert*, 499 U.S. 322. The Pierce declaration establishes that the road in question is low speed and low volume with no history of accidents. The declaration further establishes that designing and constructing traffic barriers would be "generally inconsistent with the economic decision to build and maintain an unpaved surface and is not generally necessary for the low-speed environment of an unpaved road." Moreover, according to the Pierce declaration, for low volume roads, the American Association of State Highway and Transportation Officials ("AASHTO") Low Volume Handbook, which the Forest Service uses, states that:

> . . . traffic barriers are not generally cost-effective, on roads with very low traffic volumes. . . . Therefore, the roadside design guidelines for very low-volume local roads provide great flexibility to the designer in exercising engineering judgment to decide where it is appropriate to provide improved roadsides.
>
> . . . traffic barriers are not generally cost effective and need not generally be provided, except in situations where the engineering judgment of the designer identifies a need for the provision of a roadside clear zone or a guardrail . . . [like where there is] a site-specific safety problem

16

[evidenced by] reported crashes [at a particular location].

Provision of roadside clear zones, flatter slopes, or traffic barriers is generally inconsistent with the economic decision to build and maintain an unpaved surface and is not generally necessary for the low-speed environment of an unpaved road.

Plaintiffs have offered no evidence to counter the government's contention. Thus, according to the record, there is no mandatory regulation or policy that allowed no judgment or choice.

This Court must now proceed to the second part of the *Gaubert* test, *i.e.* whether such design function is "of the kind that the discretionary function exception was designed to shield." *Rosebush*, 119 F.3d at 441 (quoting *Gaubert*, 499 U.S. at 322-23). The Sixth Circuit has held that road design and construction decisions are the type of decisions "that Congress intended to insulate from judicial second guessing through tort actions for damages." *Rich*, 119 F.3d at 451; *see also Hux v. United States*, 2:05-CV-106, Doc. 15 (E.D. Tenn. Sept. 20, 2006). The focus of the inquiry is on whether the decision not to install traffic barriers is susceptible to policy analysis. *See Rosebush*, 119 F.3d at 443-44. Here, it is clear that the decision whether to install the traffic barriers is of the type that is susceptible to policy analysis, both economic and political.

It is therefore **ORDERED** that the United States's motion to dismiss in regard

to this negligent design claim is **GRANTED** for this Court lacks subject matter jurisdiction.

### 4. United States' Motion to Dismiss Maintenance Claim Pursuant to 12(b)(6)

The United States also moves to dismiss the claim that the United States failed to maintain Flatwoods Road by not designing and constructing traffic barriers on culvert crossings for failure to state a claim upon which relief can be granted. More specifically, the United States argues that plaintiffs "(1) have not identified a duty owned by the United States to maintain something, and Plaintiffs (2) have not identified exactly what should have been maintained but was not maintained. . . . Further, [the United States alleges that] Plaintiffs (3) have not alleged in their Complaint a breach of a duty to maintain. . . . Nor have Plaintiffs (4) alleged facts in their Complaint that, if true, indicate how such alleged breach of the unidentified duty *caused* Plaintiff's injuries."

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in

favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*. (citations omitted).

First, some of the plaintiffs' filings, including the Supplemental Response to which the United States' objects, indicate that they are in effect alleging that United States was negligent for failing to maintain weed control around a set of roadside signs. There is no mention in the complaint, however, about weeds, plants, or any other kinds of vegetation. The substantive claims are contained in paragraph 8, which reads as follows:

> The plaintiffs aver that the defendant is responsible for the design, construction, and maintenance of the relevant portion of Mountain Road including the bridge from which Arica Shepherd fell. The plaintiffs aver that the defendant was negligent in failing to properly maintain the road and bridge in question by not adequately designing the road and bridge to prevent vehicles from running off the bridge either by designing speed bumps and curves or by banking the entrance to the bridge. Additionally, the defendant is negligent in failing to adequately post signage informing users of the bridge that the bridge did not have guardrails and/or adequate curbing in order to put someone on notice of the risks of using the bridge at night.

There is no mention of signs being obstructed by vegetation. There is also no mention of any vegetation obstructing the roadway or disguising the culvert. No reading of this complaint and the actual words used could support this particular claim. Accordingly, this Court will focus upon the actual motion filed and determine whether the plaintiffs have alleged either direct or inferential allegations respecting all the material elements to sustain a recovery under the theory that the United States was negligent in failing to maintain Flatwoods Road by not designing and constructing traffic barriers on culvert crossings.

The plaintiffs have alleged, albeit rather vaguely and quite confusingly, that the United States has a duty to "maintain the road and bridge in question by [ ] adequately designing the road and bridge to prevent vehicles from running off the bridge either by designing speed bumps and curves or by banking the entrance to the bridge." However, this is a conclusory allegation, which does not make logical sense. One cannot maintain something that was never actually designed or put into place. Thus, the plaintiffs have not alleged a breach of a duty to maintain, for there were no structures, i.e., speed bumps, curves, or banking, to actually maintain. Accordingly, the plaintiffs have failed to allege that a breach of this duty caused the plaintiffs' injuries. As such, the United States' motion to dismiss in this regard is **GRANTED**.

## C.    United States' Motions for Oral Argument

The United States moves for oral argument regarding its motion to dismiss and the plaintiffs' motion for discovery. The United States asserts that oral argument would "constructively aid in the process of further identifying and/ or developing factual or legal issues." The plaintiffs do not separately seek oral argument regarding their motion. They simply state that they have no objection to the United States' motions. As with a motion for summary judgment, the district court need not hold a hearing on a Rule 12(b)(1) motion in the absence of complex legal or factual questions. *Cook v. Providence Hosp.*, 820 F.2d 176, 178 (6th Cir.1987); *Exchange Nat'l Bank*, 544 F.2d at 1131 (noting similarities between treatment accorded 12(b)(1) motions and motions for summary judgment). If the motion can be resolved on the basis of a paper record, the court may do so. The motions do not present complex legal or factual questions. Therefore, the motions for oral argument are **DENIED**.

## D. United States' Objection to Plaintiff's Supplemental Response to Second Motion Dismiss

The United States objects to the plaintiff's supplement on several grounds. The first is that the supplement is untimely. At the time the supplement was filed, Local Rule 7.1(a) stated that replies "shall be served and filed no later than 5 days after service of the [response] brief." In addition, Local Rule 7.1(d) stated that "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion

shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed. Any response to a supplemental brief shall be filed within 7 days after service of the supplemental brief and shall be limited to no more than 5 pages." The United States also claims that the material filed violated Federal Rule of Civil Procedure 32(a)(1)(A) and Federal Rule of Evidence 804(b)(1).

As stated above, the complaint does not allege that the United States was negligent for failing to maintain the road, culvert, and warning signs in regards to surrounding vegetation. Furthermore, this Court, as noted above, has denied the plaintiffs' request to amend the complaint. Therefore, this Court need not decide whether to actually strike this supplement, especially considering that its contents would not change the disposition of the second motion to dismiss.

## III. CONCLUSION

For the reasons stated above, the plaintiffs' motion, [Doc. 14], is **DENIED**. The United States' motions for oral argument, [Docs. 18 and 19], are **DENIED**. The United States' Second Motion to Dismiss, [Doc. 16], is **GRANTED**, and the matter is hereby **DISMISSED**. As a result, the United States' objection to the plaintiffs' supplemental response need not be decided, considering the response does not change

the outcome of the second motion to dismiss.

      ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
